**NOT FOR PUBLICATION OR CITATION**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT ASHLAND**

CIVIL ACTION NO. 10-CV-127-HRW

JON SETTLEMIRE                                                        PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

E. K. CAULEY, *Warden*                                          RESPONDENT


Jon Settlemire is currently confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"). On December 20, 2010, Settlemire filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming E.K. Cauley, the Warden of FCI-Ashland, as the respondent [D. E. 2]. On that same date, Settlemire's counsel filed a Motion to Transfer Petitioner's § 2241 Habeas Corpus Petition under 28 U.S.C. § 2241 to the United States District of Ohio [D. E. 3].

Settlemire has paid the $5.00 filing fee and this matter is now before the Court for full screening. The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28

U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970).

For the reasons set forth below, the Court will deny Settlemire's § 2241 petition, deny his motion to transfer this proceeding to the Northern District of Ohio, and dismiss this proceeding without prejudice.

## **CLAIMS**

In August 2010 a federal court in Ohio revoked Settlemire's supervised release and committed him to the custody of the Bureau of Prisons ("BOP") for five months commencing on November 1, 2010. In his § 2241 petition, Settlemire challenges the imposition of that sentence, claiming that it violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

### **ALLEGATIONS OF THE § 2241 PETITION**
1. Conviction and Revocation
of Supervised Release

On January 18, 2007, in the United States District Court for District of Northern District of Ohio, at Toledo, Settlemire pleaded guilty to one count of federal wire

fraud, two counts of federal bank fraud, and one count of subscribing a false federal tax return, the latter count having been charged in a Supplemental Information. *United States v. Settlemire*, 3:04-CR-764-DAK-1(N.D. Ohio) ('the Trial Court").[1] On May 21, 2007, the Trial Court imposed a five-month sentence on the three counts in the Indictment and the count contained in the Information, each to run concurrently. The Trial Court also imposed a concurrent five-year term of supervised release on all four counts and ordered restitution of $15,110.00.

On May 13, 2010, Settlemire was arrested in the Southern District of Ohio and was charged in the Trial Court with violating the terms of his supervised release. Settelemire does not identify the exact nature of the supervised release violations. He stated only that the Columbus Police Department had investigated him for "fraud" but that they were not going to file criminal charges against him.

On August 30, 2010, the Trial Court imposed a five-month sentence on Settlemire for violating the terms and conditions of his supervised release; re-imposed another three-year term of supervised release; and deferred the commencement of the five-month sentence until November 1, 2010.[2]

---

[1]

This Court takes judicial notice of the proceedings in the Trial Court by accessing the Public Access to Court Electronic Records ("PACER") Website.

[2]

The August 30, 2010, "Minutes of Criminal Proceeding" (violation hearing) filed in the Trial Court Docket states as follows:

On September 14, 2010, Settlemire appealed the five-month sentence to the Sixth Circuit, but voluntarily dismissed that appeal on or about November 4, 2010. Settelemire began serving his sentence on November 1, 2010. According to Settlemire and the BOP's website, his release date is March 30, 2011.

## 2. Settlemire's Legal Arguments

In his § 2241 Petition filed by counsel, Settlemire argues that because the Columbus Police Department's investigation into his activities resulted in no criminal or civil charges being filed against him, he was wrongfully convicted and imprisoned for violating the terms his supervised release imposed in 2007. He argues that the five-month sentence violates his right to due process of law; that because he is challenging the manner in which his sentence is being executed, he is entitled to relief under 28 U.S.C. § 2241; and that because his release date is March 30, 2011, he should be excused from exhausting any BOP administrative remedies.

As noted, on the same date that the instant § 2241 petition was filed, Settlemire's counsel also filed a motion asking this Court to transfer the § 2241 petition the Northern District of Ohio. [D. E. 3]. Counsel argues that the convenience

---

Defendant [Settlemire] admits violations 2-5 contained in 5/11/10 report. As to violation 31, the Court will set aside at this time. Court finds defendant in violation of terms and conditions of supervised release. Defendant committed to custody of Bureau of prisons for a term of 3 months. . . ."

*See* Trial Court Docket, 04-CR-00764-DAK, [D. E. 92, p. 2].

of parties and witnesses and the interests of justice warrant the transfer under 28 U.S.C. § 1404(a).

## DISCUSSION

This Court lacks jurisdiction to entertain Settlemire's §2241 petition. The avenue of habeas relief available to a federal prisoner challenging the imposition of his sentence is found in 28 U.S.C. § 2255(a), which permits a federal prisoner to challenge the legality of his detention by moving the sentencing court "to vacate, set aside or correct the sentence." Under ordinary circumstances, this is the only form of habeas relief open to a federal prisoner challenging the imposition of his sentence.[3]

Thus, courts other than the sentencing court are generally without authority to entertain habeas petitions from a federal prisoner who seeks to make such a challenge. However, there is an exception to this general rule. Section 2255(e) contains a savings clause that permits a federal court other than the sentencing court to entertain a § 2241 habeas petition from a federal prisoner who is challenging the imposition of his sentence if it appears that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of the [federal prisoner's] detention."

---

[3]

A federal prisoner who is challenging the execution of his sentence, however, may pursue a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461(6th Cir. 2001). This is not the case here, though, as Settlemire is clearly challenging the imposition of supervised release, not the manner in which his sentence is being executed or served.

This is an exceedingly narrow exception. Indeed, the Sixth Circuit has held that it only applies "when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Federal prisoners who challenge their conviction and sentence must generally file a 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence in the sentencing court or, in a case where a prisoner is complaining about the revocation of a term of supervised release, in the court where the order of revocation was entered. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

Nothing in the Trial Court docket sheets indicates that Settlemire challenged his five-month sentence by filing a motion to vacate his sentence under 28 U.S.C. § 2255. Absent that step, the § 2255(e) savings clause does not assist him. *See United States v. Peterman*, 249 F.3d at 462; *see also Henderson v. Rios*, No. 08-167-ART, 2008 WL 5274884, at *1 (E.D. Ky. Dec. 16, 2008) (rejecting a similar challenge to supervised release on the basis that the petitioner's claim was not one of actual innocence); *Oatneal v. United States*, No. 06-331-JMH, 2006 WL 2927513, at *2 (E.D. Ky. Oct. 6, 2006) (holding that a challenge to the revocation of a term of supervised release may not be asserted in a § 2241 petition); *Lowe v. United States*, No. 05-02064, 2005 WL 2574155, at *2-*3 (N.D. Ohio Oct. 12, 2005) (same); *McNeair v. Bureau of Prisons*, No. 6:06-11-DCR, 2005 WL 3800593, at *1-*2 (E.D. Ky. Feb. 21, 2005)

(same).  Under these facts, Settlemire's remedy is to file a § 2255 motion in the Trial

Court.

Settlemire seeks to transfer this proceeding to the Northern District of Ohio,

where he was sentenced for violating his supervised release.  The request is indeed

baffling since his counsel could just as easily have sought relief by filing the proper

petition in the Northern District of Ohio on December 20, 2010 instead of filing a §

2241 petition in *this* Court and then requesting on the same day that it be transferred

to Northern District of Ohio.  Regardless of counsel's circuitous methods, the Court

will deny the motion because a transfer is not authorized 28 U.S.C. § 1404(a), which

permits a transfer of a civil action only to a division or district *where it might have*

*been brought* (emphasis added).

Settlemire could not have brought a § 2241 petition in the Northern District of

Ohio, because the venue for a § 2241 petition is the judicial district where the

petitioner is confined or where his custodian is located.  *Braden v. 30th Judicial*

*Circuit Ct.*, 410 U.S. 484, 495-96 (1973); *Roman v. Ashcroft*, 340 F.3d 314, 318-20

(6th Cir. 2003); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)

("The habeas corpus power of federal courts over prisoners in federal custody has

been confined by Congress through 28 U.S.C. § 2241 to those district courts within

whose territorial jurisdiction the custodian is located.").  Because neither Settlemire

nor his custodian are located in the Northern District of Ohio, his § 2241 petition could not have been brought in that district.

Nor does 28 U.S.C. § 1406(a) authorize a transfer in this case. It only permits transferring a case improperly filed in one district to another district when doing so would serve the convenience of the parties or the interests of justice. In this case, transferring Settlemire's § 2241 petition to the Northern District of Ohio would not serve the interests of justice, because a 28 U.S.C. § 2241 petition is not the correct mechanism for Settlemire to challenge his five-month sentence. Transferring Settlemire's § 2241 petition to the Northern District of Ohio would be pointless. The proper mechanism for Settlemire to follow would be filing a § 2255 motion to vacate sentence in the Trial Court.

Settlemire alleges that because his release date is approaching, he should not be required to exhaust administrative remedies. However, exhaustion of administrative remedies is not required before filing a § 2255 motion. Further, Settlemire could have challenged his sentence on appeal, but instead he voluntarily dismissed his appeal.

Settlemire is free to challenge his five-month sentence for violating his supervised release by filing a § 2255 motion in the Trial Court, but he is advised of two facts if he does so. First, a district court may revoke a defendant's term of

supervised release if it concludes by a preponderance of the evidence that the defendant violated a condition of his supervised release.  18 U.S.C. § 3583(e)(3); *United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir.1997).

Settlemire admitted at the August 30, 2010, revocation hearing that he had violated the several terms of his supervised release.  His admission satisfies the preponderance of the evidence standard.  *United States v. Meza-Nunez*, 30 F. App'x 355, 357 (6th Cir. 2002); *see also United States v. Harris*, 228 F. App'x 598, 599 (6th Cir. 2007) ("Inasmuch as defendant admitted he had repeatedly violated the conditions of his supervised release by using cocaine, revocation of supervised release can hardly be deemed an abuse of discretion.") *United States v. Langford*, 52 F. App'x 803, 805 (6th Cir. 2002) (finding the defendant's admissions to violations  of his supervised release conditions warranted revocation of his supervised release).

Second, the fact that Ohio authorities did not charge Settelemire with criminal activity is irrelevant to his supervised-release-revocation proceeding.  Revocation of supervised release does not require that the defendant be indicted for a crime, and it implicates neither the proof beyond-a-reasonable-doubt standard nor a jury trial required by the Sixth Amendment of the United States Constitution.  *United States v. Johnson*, F. App'x 785, 791 (6th Cir. 2009).

Likewise, a district court may conclude that a defendant has violated a condition of his supervised release based on its own finding of new criminal conduct even if: (1) the defendant is later acquitted of all charges arising from the same conduct, (2) all criminal charges arising from the same conduct are dismissed prior to trial, or (3) the defendant's criminal conviction is subsequently overturned. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991).

The Court therefore will deny Settlemire's § 2241 petition; deny his motion to transfer this proceeding to the Northern District of Ohio; and dismiss this action without prejudice to Settlemire seeking relief in the Trial Court under § 2255.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1)     Petitioner Jon Settlemire's 28 U.S.C. § 2241 petition for writ of habeas corpus [D. E. 2] is **DENIED** and this proceeding is **DISMISSED WITHOUT PREJUDICE** to Settlemire seeking relief under 28 U. S. C . § 2255 in the United States District Court for the Northern District of Ohio.

(2)     Settlemire's Motion to Transfer Petitioner's § 2241 Habeas Corpus Petition under 28 U.S.C. § 2241 to the United States District of Ohio [D. E. 3], is **DENIED**; and

(3)     Judgment shall be entered contemporaneously with this Memorandum

Opinion and Order in favor of the Respondent, E. K. Cauley, the Warden of FCI-Ashland.

This January 12, 2011.

Signed By:

Henry R Wilhoit Jr.

United States District Judge